UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MAERSK LINE, LIMITED** <br> 2510 Walmer Ave. Suite C <br> Norfolk, VA 23510 <br><br> *Plaintiff*, <br><br> v. <br><br> **U.S. DEPARTMENT OF STATE** <br> 2201 C Street, NW <br> Washington, D.C. 20520 <br><br> *Defendant*. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff, Maersk Line, Limited ("Plaintiff" or "MLL"), seeks injunctive, declaratory, and other appropriate relief for the processing and release of agency records requested by Plaintiff from Defendant, U.S. Department of State ("State").

2. Specifically, Plaintiff has requested records in the custody, possession or control of the agency pertaining to orders by the agency under the U.S. General Services Administration, Household Goods Tender of Service ("GSA HTOS"), to include all editions active from January 25, 2013 until the current date (with the current GSA HTOS published on August 23, 2018 and effective as of November 1, 2018):

   a. All requests for a foreign flag waivers pursuant to the GSA HTOS Program (to include a copy of each submitted "Justification Certificate for Use of Foreign Flag Vessel" (whether such foreign flag vessel was authorized or not));

1

b. To the extent available in agency records, the following information regarding the orders by the agency under the GSA HTOS Program: Total shipments by region under this program; Total shipments by year under this program, and Identification of the agency's Records Custodian(s) (to include title, contact information and location) for this program.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

4. MLL is a U.S. Flagged shipping company that is incorporated in the State of Delaware with its principle place of business in Virginia.

5. State is a federal agency within the meaning of FOIA, 5 U.S.C §§ 551(1), 552. State has possession or control of the records that MLL seeks in this action.

## Statutory and Regulatory Framework

6. FOIA requires federal agencies, upon request, to make records "promptly available" to the public. 5 U.S.C. §552(a)(3)(A).

7. An agency must determine whether to comply with a FOIA request within twenty business days and "shall immediately notify the person making such request of such determination and the reasons therefore." 5 U.S.C. § 552(a)(6(A)(i); 15 C.F.R. § 4.6(b).

8. The twenty-day deadline for an agency to determine whether to comply with a FOIA request "shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency." 5 U.S.C. § 552 (a)(6)(A). If an agency does not

respond to a FOIA request by the statutory deadline, the request "shall be deemed to have exhausted [their] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  5 U.S.C. § 552(a)(6)(C)(i).

9.  The "burden is on the agency to sustain its action."  5 U.S.C. § 552(a)(4)(B).

10.  "There is a provision that allows an agency to extend the applicable time limits by providing written notice to the person making the request, "setting forth the reasons for such extension and the date on which a determination is expected to be dispatched," 5 U.S.C. § 552(a)(6)(B), but such extensions only are permissible in unusual circumstances and for not more than ten working days." *Marschner v. Department of State, Secretary of State*, 470 F. Supp. 196, 199 (D. Conn. 1979) (internal citation omitted).

11.  "The FOIA was intended by Congress to enable individuals to inform themselves of their government's activities, and the time provisions of the Act are central to its purpose.  When Congress amended the Act in 1974, one of its primary objectives was to "expedite the handling of requests from Federal agencies in order to contribute to the fuller and faster release of information, which is the basic objective of the Act." H. Rep. No. 93-876, 93rd Cong., 2d Sess. (1974), U.S. Code Cong. and Admin. News, p. 6267.  The House committee put it succinctly: '**excessive delay by the agency in its response is often tantamount to denial.**  It is the intent of the bill that the affected agencies be required to respond to inquiries within specific time limits.'" H. Rep. No. 93-876, supra at 6271." *Hayden v. U. S. Dep't of Justice*, 413 F. Supp. 1285, 1288 (D.D.C. 1976) (emphasis added).

12.  "Inadequate staff, insufficient funding or great number of requests are not within meaning of "exceptional circumstances" as that language is used in 5 USCS § 552(a)(6)(C) nor

were they within contemplation of its framers as evidenced by legislative history." *Hamlin v. Kelley*, 433 F. Supp. 180, 182 (N.D. Ill. 1977).

## Facts

13. On or about May 15, 2019, MLL submitted a request to State for records (the "May 15, 2019 Request") as detailed in paragraph 2. A copy of the May 15, 2019 Request is attached hereto as **Exhibit 1**.

14. Approximately ninety-nine (99) days later, on August 22, 2019, State responded invoking "unusual circumstances" for failing to respond within the statutory requirement. 5 U.S.C. § 552 (a)(6)(B) (the "August 22, 2019 Response"). A copy of the August 22, 2019 Response is attached hereto as **Exhibit 2**.

15. On or about February 7, 2020 MLL submitted a letter to State (the "February 7, 2020 Letter") stating "MLL's preference to have a full and complete response. However, MLL is willing to work with the Department of State to establish a reasonable schedule for providing partial responses until all documents requested have been provided. Additionally, MLL is requesting either a full and complete response or an agreed upon reasonable schedule of partial responses no later than March 10, 2020." A copy of the February 7, 2020 Letter is attached hereto as **Exhibit 3**.

16. On or about February 25, 2020, State sent an email (the "February 25, 2020 Email") stating that the "request is in process and has a November 30, 2020, estimated date of completion (EDC)." A copy of the February 25, 2020 Email is attached hereto as **Exhibit 4**.

17. On or about March 4, 2020, MLL submitted a letter to State requesting administrative appeal (the "March 4, 2020 Letter"). A copy of the March 4, 2020 Letter is attached hereto as **Exhibit 5**.

18.  On or about March 13, 2020, State submitted a letter to MLL stating that the MLL FOIA request was not subject to administrative appeal (the "March 13, 2020 Letter").  The March 13, 2020 Letter is attached hereto as **Exhibit 6**.

19.  On or about June 16, 2020, MLL submitted a letter to State (the "June 16, 2020 Letter") that it "is imposing a thirty months tolling of the statutory response requirement and has failed to comply with the either the technical requirements or the Congressional intent of the statute.  5 U.S.C. § 552 (a)(6)(B) and (C).  In short, Department of State non-response has worked as a de facto denial."  Additionally, "MLL is willing to work with the Department of State to establish a reasonable schedule for providing partial response until all documents requested have been provided."  A copy of the June 16, 2020 Letter is attached hereto as **Exhibit 7**.

### Count I – Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

20.  Plaintiff incorporates by reference and realleges paragraphs 1 – 19.

21.  Defendant State has wrongfully withheld agency records requested by Plaintiff.

22.   Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted their administrative appeal.  *See also Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285 (D.D.C. 1976).

23.  Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Request for Relief

WHEREFORE, Plaintiff prays that this Court enter judgment:

A.  Declaring that Defendant violated FOIA by failing to make a final determination as to whether it will comply with MLL's FOIA request within the statutory prescribed time, failing to immediately notify MLL of such determination, and failing to produce non-exempt records responsive to MLL's request by the statutory deadline;

B.  Ordering Defendant to disclose all responsive, non-exempt records by a date certain, without further delay 28 U.S.C. § 1657(a) ;

C.  Awarding MLL its reasonable costs and attorneys' fees 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d), and;

D.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Myra A. Benjamin*
Myra A. Benjamin, Esq. DC Bar No. 888273331
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 274-1902
Fax: (202) 274-2994
E-mail:  myra.benjamin@troutman.com

*Counsel for Plaintiff Maersk Line, Limited*

6