UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAERSK LINE, LIMITED,

*Plaintiff*,

v.

U.S. DEPARTMENT OF STATE,

*Defendant*.

Civ. A. No. 21-0125 (APM)

## ANSWER

Defendant the United States Department of State ("Defendant" or "State"), by and through undersigned counsel, respectfully files this Answer to the Complaint filed by Plaintiff the Maersk Line, Limited ("Plaintiff").

## DEFENSES

### First Defense

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA").  *See* 5 U.S.C. § 552(b).

### Second Defense

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by FOIA.

### Third Defense

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C § 552(a)(4)(A)(iii).

## Fourth Defense

Defendant is exercising due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to process the FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

## DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; (c) are admissible in this, or any other, action.

Defendant expressly denies all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer. Defendant answers the Complaint in like numbered paragraphs as follows:

1.      The allegations in Paragraph 1 consist of Plaintiff's characterization of the instant action to which no response is required.

2.      Defendant admits that Plaintiff submitted a Freedom of Information Act ("FOIA") request to State dated May 15, 2019 ("FOIA Request"). In response to the remaining allegations in Paragraph 2, including the subheadings (a) and (b), which consist of Plaintiff's characterization of the FOIA Request, Defendant respectfully refers the Court to the FOIA Request for a complete and accurate statement of its content. *See* Ex. 1 to Pl.'s Compl.

## Jurisdiction and Venue

3.      The allegations in Paragraph 3 state legal conclusions regarding jurisdiction and venue to which no response is required.

2

## Parties

4.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4.

5.      Defendant admits the allegations contained in the first sentence of Paragraph 5. The allegations in the second sentence of Paragraph 5 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the FOIA request sought records in the custody, possession, or control of State.  Because State has not yet executed a search, Defendant lacks sufficient knowledge to confirm or deny the remaining allegations in the second sentence of Paragraph 5.

## Statutory and Regulatory Framework

6.–12.   Paragraphs 6 to 12 state legal conclusions to which no response is required.  To the extent a response may be deemed required, Defendant respectfully refers the Court to the cited legal authorities for a complete and accurate statement of their contents.

## Facts

13.     Defendant admits that Plaintiff's FOIA Request contained a date of May 15, 2019.  After a reasonable search of its records, Defendant denies that it received Plaintiff's FOIA Request on or about that date.  Moreover, according to an acknowledgement letter dated August 22, 2019, State's Office of Information Programs and Services did not receive Plaintiff's FOIA request until August 15, 2019.  *See* Ex. 2 to Pl.'s Compl.  In response to the remaining allegations, Defendant respectfully refers the Court to Plaintiff's FOIA Request for a complete and accurate statement of its contents.

14.     Defendant admits that it sent an acknowledgement letter to Plaintiff dated August 22, 2019.  Defendant respectfully refers the Court to State's August 22 acknowledgement letter for a complete and accurate statement of its contents.  *See* Ex. 2 to Pl.'s Compl.

3

15.     Defendant admits that it received a letter from Plaintiff about its FOIA Request dated February 7, 2020.  Defendant respectfully refers the Court to Plaintiff's February 7 letter for a complete and accurate statement of its contents.

16.     Defendant admits that it sent an email to Plaintiff about its FOIA Request on February 25, 2020.  Defendant respectfully refers the Court to State's February 25 email for a complete and accurate statement of its contents.

17.     Defendant admits that it received a letter from Plaintiff dated March 4, 2020, in which Plaintiff requested an administrative appeal.  Defendant respectfully refers the Court to Plaintiff's March 4 letter for a complete and accurate statement of its contents.

18.     Defendant admits that it sent a letter to Plaintiff dated March 13, 2020.  In State's March 13 letter, State confirmed that it was still processing Plaintiff's request.  State further advised Plaintiff that it was not permitted to file an administrative appeal at that time because State had not specifically denied any material in response to Plaintiff's request.  In further response to the allegations, Defendant respectfully refers the Court to Plaintiff's March 13 letter for a complete and accurate statement of its contents.

19.     Defendant admits that it received a letter from Plaintiff about its FOIA request dated June 16, 2020.  Defendant respectfully refers the Court to Plaintiff's June 16 letter for a complete and accurate statement of its contents

## Count I – Violation of the Freedom of Information Act
## For Wrongful Withholding of Agency Records

20.     Defendant incorporates its responses to all of the foregoing paragraphs as if fully set forth herein.

4

21.     The allegations contained in Paragraph 21 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations.

22.     The allegations contained in Paragraph 22 state legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that applicable administrative remedies have been exhausted.

23.     The allegations contained in Paragraph 23 state legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to injunctive relief.

### Requested Relief

The remainder of Plaintiff's Complaint sets forth Plaintiff's request for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought.

Dated:  February 22, 2021

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _/s/ Daniel P. Schaefer_____
    DANIEL P. SCHAEFER
    D.C. Bar No. 996871
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 252-2531
    Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*