UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAERSK LINE, LIMITED** | \* |
| *Plaintiff*, | \* |
| v. | \* |
| **U.S. DEPARTMENT OF STATE** | \*   Case No. 1:21-cv-00125 (APM) |
| *Defendant*. | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION TO
AMEND/SUPPLEMENT THE COMPLAINT**

Plaintiff, Maersk Line, Limited ("Maersk"), by counsel, states as follows in support of its Motion to Amend/Supplement the Complaint ("Motion to Amend").

**INTRODUCTION**

For nearly two years, Maersk has attempted to get Defendant, U.S. Department of State (the "State Department"), to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and respond to a records request submitted to it.  While the State Department, after being sued, has provided certain documents that were sought in Maersk's FOIA request, Maersk has asked the State Department to provide additional documents that relate, if not fall within, the original request submitted by Maersk.  The State Department refused, requiring Maersk to issue a second FOIA request.  The State Department, however, has not produced any additional documents.  Maersk has thus been forced to seek relief from the Court again and asks for leave to supplement its Complaint to include allegations about the second FOIA request.  Maersk's request satisfies Fed. R. Civ. P. 15.  Maersk's request is brought in good faith, without undue delay, and would not prejudice the State Department.  Justice requires that leave to amend be granted.

## BACKGROUND

The following facts are relevant to Maersk's Motion to Amend:

1.     As detailed in the Complaint, Maersk submitted a FOIA request on May 15, 2019, to get the State Department provide a satisfactory response to its request relating to orders by the agency under the U.S. General Services Administration, Household Goods Tender of Service ("GSA HTOS"). (ECF No. 1-1) (detailing the request for records). After the State Department failed to provide a timely response to the request, Maersk filed its Complaint against the State Department on January 14, 2021. (ECF No. 1).

2.     The Court entered an Order on February 23, 2021, requiring the parties to file a joint status report that includes, among other things, the "status of Plaintiffs FOIA request; (2) the anticipated number of documents responsive to Plaintiffs FOIA request; (3) the anticipated date(s) for release of the documents requested by Plaintiff . . ." (ECF No. 9). The parties agreed that during the "initial processing phase" the State Department could limit the scope of its request for foreign flag waivers to between January 1, 2018 and May 15, 2019. (ECF No. 14).[1]

3.     Over the next several months, the parties filed joint status reports informing the Court of the State Department's search and production efforts. (ECF Nos. 11, 12, 14, 17, 18, and 20).

4.     As a result of the delay in obtaining documentation requested by Maersk in its FOIA request, Maersk sought from State related records created after May 15, 2019. In response to Maersk's request, the State Department advised that it would not search for records that post-

---

[1] Maersk's May 15, 2019 FOIA request covered documents from January 25, 2013 until present. (ECF No. 1).

date May 19, 2019, and Maersk would need to submit a new FOIA request for those records. A copy of the email correspondence between counsel is attached hereto as **Exhibit A**.

5. On February 18, 2022, Maersk submitted a request to State Department for related records created after May 15, 2019 (the "February 18, 2022 Request"). A copy of the February 18, 2022 letter from MLL to State requesting post-May 19, 2019 records is attached as **Exhibit B**.

6. Although the State Department acknowledged the request on March 1, 2022, the State Department has not provided documents responsive to the February 18, 2022 Request. A copy of the acknowledgment is attached hereto as **Exhibit C**.

7. On April 14, 2022, the State Department informed the Court that it had "issued a final production and proposed final response to [Maersk's] FOIA request . . . on March 22, 2022." (ECF No. 20).

8. On May 16, 2022, the State Department informed the Court that Maersk wished to amend its Complaint to assert a new claim under the Freedom of Information Act concerning the February 18, 2022 Request. (ECF No. 21). The next day the Court entered an Order establishing a briefing schedule for Maersk's motion to amend its Complaint. (ECF No. 22).

## LEGAL STANDARD

Rule 15 mandates that a court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to allow a party to amend a complaint, courts may consider 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 143 (D.D.C. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Under Rule 15, "the non-movant generally carries the burden

in persuading the court to deny leave to amend." *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004).

Rule 15(d) permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Motions brought under Rule 15(d) "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Powell v. IRS*, 263 F. Supp. 3d 5, 7 (D.D.C. 2017) (citation omitted); *see also Hall v. CIA*, 437 F.3d 94, 100 (D.C. Cir. 2006) ("The addition of [a] new FOIA request is plainly a supplemental pleading as defined by [Rule] 15(d), as it 'sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'") (citation omitted).

## ARGUMENT

Maersk respectfully submits that leave should be granted to allow Maersk to file its Amended Complaint, a copy of which is attached hereto as **Exhibit D**. All of the factors favor allowing an amendment and/or supplement.[2]

The State Department cannot credibly claim that there is undue delay, bad faith, or a dilatory motive associated with Maersk's request. Maersk's amendment is a result of the State Department's refusal to include additional responsive documents in a pending FOIA request that has taken the State Department nearly two years to fulfill. Maersk has patiently allowed the State Department to comply with its legal obligations, including narrowing the requests made in its

---

[2] "Courts resolve Rule 15(d) motions under the same standard as they resolve motions to amend under Rule 15(a)." *Tereshchuk v. Bureau of Prisons*, 851 F. Supp. 2d 157, 162 n.6 (D.D.C. 2012).

4

original May 15, 2019 FOIA request. Maersk attempted to obtain additional documents from the State Department without Court intervention, but the State Department required Maersk to file a new FOIA request. Maersk complied. However, the State Department has not issued a response to the new FOIA request. Even after issuing its new FOIA request, Maersk attempted to obtain an agreement to produce the new documents, but the State Department refused to extend the scope of production as requested in Maersk's original FOIA request. Maersk has not been dilatory and has acted quickly upon the recognition that an agreement could not be reached with the State Department.

Maersk has not previously amended its Complaint, and there is no undue prejudice to the State Department if leave is granted. The case is not of significant age. The State Department has already received the FOIA request and is under an obligation to comply with its requirements under the statute. The amendment does not significantly alter the nature of the case or the claims asserted against the State Department. No summary judgment schedule has been entered by the Court, and there are no deadlines that need to be moved.

The argument that a separate action should be filed to litigate the February 18, 2022 Request carries little weight. Fed. R. Civ. P. 1 commands that the Rules should be "construed, administered, and employed" to "secure the just, speedy, and inexpensive determination of every action and proceeding." Requiring the filing of a second lawsuit to litigate the February 18, 2022 Request does not promote the interests of justice, would increase the cost of litigation for the parties, and would delay a complete resolution of clearly related disputes. *See, e.g.*, *Powell v. IRS*, 263 F. Supp. 3d 5, 7 (D.D.C. 2017) ("The equities here favor permitting the Second Amended Complaint. First, even with the new addition, the case remains an action to obtain particular pieces of Powell-family tax information; dealing with the controversy as one is far preferable to requiring

Powell to open yet another case. Second, Plaintiff sought permission to file the Second Amended Complaint less than a month after filing his Amended Complaint and not long after he sent in these recent Privacy Act and FOIA requests. Third, the Court can see no prejudice to Defendants as the newest claim is 'closely related to the claim[] already before the [C]ourt' in that it appears to seek similar records.").

The goal of Rule 15(d) is to establish a "liberal policy favoring a merit-based resolution of the entire controversy between the parties." *Eison v. Kallstrom*, 75 F. Supp. 2d 113, 116 (S.D.N.Y. 1999). Maersk's proposed supplementation is consistent with Rule 15(d) and would result in the resolution of the entire dispute between the parties rather than unnecessary piecemeal litigation that benefits neither the Court nor the parties.

## CONCLUSION

For the foregoing reasons, Plaintiff Maersk Line, Limited, respectfully requests that its Motion to Amend/Supplement the Complaint be granted.

Respectfully submitted,

/s/ S. Mohsin Reza
S. Mohsin Reza, DC Bar No. 985270
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1927
Fax:  703-448-6510
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 23rd day of May, 2022, I filed a copy of the foregoing with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all registered users listed below.

Daniel Patrick Schaefer, Esq.
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2531
Fax: (202) 252-2599
Email: Daniel.Schaefer@usdoj.gov

/s/ S. Mohsin Reza
S. Mohsin Reza, DC Bar No. 985270
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1927
Fax:  703-448-6510