## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MAERSK LINE, LIMITED,**                     \*
                                              \*
                          *Plaintiff*,        \*
                                              \*
                    **v.**                    \*          **Case No. 1:21cv125-APM**
                                              \*
**U.S. DEPARTMENT OF STATE,**                 \*
                                              \*
                          *Defendant*.        \*
                                              \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### AMENDED COMPLAINT

1.      This is an action under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552.  Plaintiff, Maersk Line, Limited ("Plaintiff" or "MLL"), seeks injunctive,

declaratory, and other appropriate relief for the processing and release of agency records

requested by Plaintiff from Defendant, U.S. Department of State ("State").

2.      Specifically, Plaintiff has requested records in the custody, possession or

control of the agency pertaining to orders by the agency under the U.S. General Services

Administration, Household Goods Tender of Service ("GSA HTOS"), to include all editions

active from January 25, 2013 until the current date (with the current GSA HTOS published on

August 23, 2018 and effective as of November 1, 2018):

          a.      All requests for a foreign flag waivers pursuant to the GSA HTOS

Program (to include a copy of each submitted "Justification Certificate for Use of Foreign Flag

Vessel" (whether such foreign flag vessel was authorized or not));

          b.      To the extent available in agency records, the following

information regarding the orders by the agency under the GSA HTOS Program: Total shipments

by region under this program; Total shipments by year under this program, and identification of

the agency's Records Custodian(s) (to include title, contact information and location) for this program.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

4.      MLL is a U.S. Flagged shipping company that is incorporated in the State of Delaware with its principal place of business in Virginia.

5.      State is a federal agency within the meaning of FOIA, 5 U.S.C §§ 551(1), 552.  State has possession or control of the records that MLL seeks in this action.

## Statutory and Regulatory Framework

6.      FOIA requires federal agencies, upon request, to make records "promptly available" to the public.  5 U.S.C. § 552(a)(3)(A).

7.      An agency must determine whether to comply with a FOIA request within twenty business days and "shall immediately notify the person making such request of such determination and the reasons therefore."  5 U.S.C. § 552(a)(6(A)(i); 15 C.F.R. § 4.6(b).

8.      The twenty-day deadline for an agency to determine whether to comply with a FOIA request "shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency."  5 U.S.C. § 552 (a)(6)(A).  If an agency does not respond to a FOIA request by the statutory deadline, the request "shall be deemed to have exhausted [their] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  5 U.S.C. § 552(a)(6)(C)(i).

9.      The "burden is on the agency to sustain its action."  5 U.S.C. §
552(a)(4)(B).

10.     "There is a provision that allows an agency to extend the applicable time
limits by providing written notice to the person making the request, "setting forth the reasons for
such extension and the date on which a determination is expected to be dispatched," 5 U.S.C. §
552(a)(6)(B), but such extensions only are permissible in unusual circumstances and for not
more than ten working days." *Marschner v. Department of State, Secretary of State*, 470 F. Supp.
196, 199 (D. Conn. 1979) (internal citation omitted).

11.     "The FOIA was intended by Congress to enable individuals to inform
themselves of their government's activities, and the time provisions of the Act are central to its
purpose.  When Congress amended the Act in 1974, one of its primary objectives was to
"expedite the handling of requests from Federal agencies in order to contribute to the fuller and
faster release of information, which is the basic objective of the Act." H. Rep. No. 93-876, 93rd
Cong., 2d Sess. (1974), U.S. Code Cong. and Admin. News, p. 6267.  The House committee put
it succinctly: '**excessive delay by the agency in its response is often tantamount to denial.  It
is the intent of the bill that the affected agencies be required to respond to inquiries within
specific time limits.**'" H. Rep. No. 93-876, *supra* at 6271; *Hayden v. U. S. Dep't of Justice*, 413
F. Supp. 1285, 1288 (D.D.C. 1976) (emphasis added).

12.     "Inadequate staff, insufficient funding or great number of requests are not
within meaning of "exceptional circumstances" as that language is used in 5 USCS §
552(a)(6)(C) nor were they within contemplation of its framers as evidenced by legislative
history." *Hamlin v. Kelley*, 433 F. Supp. 180, 182 (N.D. Ill. 1977).

**Facts**

13.     On or about May 15, 2019, MLL submitted a request to State for records (the "May 15, 2019 Request") as detailed in paragraph 2. A copy of the May 15, 2019 Request is attached hereto as **Exhibit 1**.

14.     Approximately ninety-nine (99) days later, on August 22, 2019, State responded invoking "unusual circumstances" for failing to respond within the statutory requirement.  5 U.S.C. § 552 (a)(6)(B) (the "August 22, 2019 Response").  A copy of the August 22, 2019 Response is attached hereto as **Exhibit 2**.

15.     On or about February 7, 2020 MLL submitted a letter to State (the "February 7, 2020 Letter") stating "MLL's preference to have a full and complete response. However, MLL is willing to work with the Department of State to establish a reasonable schedule for providing partial responses until all documents requested have been provided. Additionally, MLL is requesting either a full and complete response or an agreed upon reasonable schedule of partial responses no later than March 10, 2020." A copy of the February 7, 2020 Letter is attached hereto as **Exhibit 3**.

16.     On or about February 25, 2020, State sent an email (the "February 25, 2020 Email") stating that the "request is in process and has a November 30, 2020, estimated date of completion (EDC)."  A copy of the February 25, 2020 Email is attached hereto as **Exhibit 4**.

17.     On or about March 4, 2020, MLL submitted a letter to State requesting administrative appeal (the "March 4, 2020 Letter").  A copy of the March 4, 2020 Letter is attached hereto as **Exhibit 5**.

18.     On or about March 13, 2020, State submitted a letter to MLL stating that the MLL FOIA request was not subject to administrative appeal (the "March 13, 2020 Letter"). The March 13, 2020 Letter is attached hereto as **Exhibit 6**.

19.     On or about June 16, 2020, MLL submitted a letter to State (the "June 16, 2020 Letter") that it "is imposing a thirty months tolling of the statutory response requirement and has failed to comply with the either the technical requirements or the Congressional intent of the statute.  5 U.S.C. § 552 (a)(6)(B) and (C).  In short, Department of State non-response has worked as a de facto denial."  Additionally, "MLL is willing to work with the Department of State to establish a reasonable schedule for providing partial response until all documents requested have been provided."  A copy of the June 16, 2020 Letter is attached hereto as **Exhibit 7**.

20.     As a result of the delay in obtaining documentation requested by MLL in its FOIA request, MLL sought from State related records created after May 15, 2019.  In response to MLL's request, State advised that it would not search for records that post-date May 19, 2019.

21.     Consequently, on February 18, 2022, MLL submitted a request to State for related records created after May 15, 2019 (the "February 18, 2022 Request").  A copy of the February 18, 2022 letter from MLL to State requesting post-May 19, 2019 records is attached as **Exhibit 8**.

22.     Although State acknowledged the request on March 1, 2022, State has not provided documents responsive to the February 18, 2022 Request.

### Count I – Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

23.     Plaintiff incorporates by reference and realleges paragraphs 1 – 22.

24.     Defendant State has wrongfully withheld agency records requested by Plaintiff.

25.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its administrative appeal. *See Hayden v. U.S. Dep't of Justice*, 413 F. Supp. 1285 (D.D.C. 1976).

26.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Request for Relief

WHEREFORE, Plaintiff prays that this Court enter judgment:

A.  Declaring that Defendant violated FOIA by failing to make a final determination as to whether it will comply with MLL's FOIA requests within the statutory prescribed time, failing to immediately notify MLL of such determination, and failing to produce non-exempt records responsive to MLL's request by the statutory deadline;

B.  Ordering Defendant to disclose all responsive, non-exempt records by a date certain, without further delay 28 U.S.C. § 1657(a);

C.  Awarding MLL its reasonable costs and attorneys' fees 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d); and

D.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ S. Mohsin Reza
S. Mohsin Reza (D.C. Bar No. 985270)
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 274-1927
Fax: (202) 274-2994
E-mail:  mohsin.reza@troutman.com
*Counsel for Plaintiff Maersk Line, Limited*

Exhibit 1



**Maersk Line, Limited**
2510 Walmer Ave, Suite C
Norfolk, VA 23513

Phone: 757-531-7837
Phone: 757-663-9929
Fax:     757-622-2512

maersklinelimited.com

May 15, 2019

FOIA Officer
Office of General Counsel
Office of Inspector Counsel
U.S. Department of State
1700 North Moore Street
Suite 1400
Arlington, VA  22209

**BY EMAIL AND MAIL**

Re: Request for Records Under the Freedom of Information Act

To Whom It May Concern:

This is a request for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

On January 29, 2019, Maersk Line Limited (MLL) sent a FOIA request to the U.S. General Services Administration (see attached).  In the response, GSA responded [in relevant part]:

> *"GSA does not have visibility into the bills of ladings executed by other agencies that use the Centralized Household Goods Traffic Management program pertaining to this request. Other agencies, as defined at 46CFR 381.2, have responsibility to submit plans to manage approvals to Department of Transportation's [sic] Maritime Administration (MARAD) or to seek MARAD approval to use foreign flag vessels when US flag vessel transport is unavailable or impractical."*

Consistent with GSA's response, I request the following records in the custody, possession or control of the agency pertaining to orders by the agency under the U.S. General Services Administration, Household Goods Tender of Service (GSA HTOS), to include all editions active from January 25, 2013 until the current date (with the current GSA HTOS published on August 23, 2018 and effective as of November 1, 2018):

1.      All requests for a foreign flag waivers pursuant to the GSA HTOS Program (to include a copy of each submitted "Justification Certificate for Use of Foreign Flag Vessel" (whether such foreign flag vessel was authorized or not));

2.      To the extent available in agency records, the following information  regarding the orders by the agency under the GSA HTOS Program:

 **MAERSK**
LINE, LIMITED

a)  Total shipments by region under this program;
b)  Total shipments by year under this program, and
c)  Identification of the agency's Records Custodian(s) (to include title, contact information and location) for this program.

I request that you produce responsive documents in their entirety.  In the event that you determine that a document contains material or information that falls within a statutory exemption to mandatory disclosure, please review such material or information for possible discretionary disclosure.  Similarly, in the event that you determine that a document contains material or information that falls within the statutory exemptions to mandatory disclosure, please produce any and all reasonably segregable portions of such documents in accordance with the provisions of 5 U.S.C. § 552(b).

If you determine that any documents responsive to this request (or any portion thereof) will be withheld under a claim of authority pursuant to 5 U.S.C. § 552(b), please provide prompt written confirmation of such fact.  In the event your agency determines that it has no documents responsive to this request (or any portion thereof), please provide prompt written confirmation of that fact.

With regard to documents your agency intends to withhold, please provide prompt notice to that effect, and include in such notice a complete identification of the withheld documents (or portions thereof) by title, author, date, nature of such material and a through explanation of the legal and factual basis for the determination to deny disclosure. Finally, in responding to this letter, please adhere to the time limitations set forth at 5 U.S.C. § 552(a)(6)(A).

In order to help you determine my status for the purpose of assessing fees, you should know that I am affiliated with a private business and am seeking information for use in the company's business.  I agree to pay the reasonable and direct costs of locating and reproducing the requested documents to the extent required by 5 U.S.C. § 552(a)(4)(A). Please advise me in advance if you expect such costs to exceed $1,000.00.

Should you have any questions concerning this request or require additional information, please contact my assistant Kristen Barton at (757) 852-2206 or kbarton@mllnet.com.

Sincerely,

Patrick McCaffery
General Counsel
Maersk Line, Limited

Attachments: As stated



Office of Administrative Services
FOIA Requester Service Center

April 23, 2019

Ms. Kristen Barton
Maersk Line, Limited
2510 Walmer Avenue, Suite C
Norfolk, VA  23513

Dear Ms. Barton:

This letter is in response to your U.S. General Services Administration (GSA) Freedom of Information Act (FOIA) request number (GSA-2019-000676), submitted on January 29, 2019, in which you requested the following:

> "I request the following records…pertaining to The U.S. General Services Administration, Household Goods Tender of Service (GSA HTOS), to include editions active from January 25, 2013 until the current date ( with the current GSA HTOS published on August 23, 2018 and effective as of November 1, 2018):

> 1. All requests for a foreign flag waivers pursuant to the General Services Administration Centralized Household Goods Traffic Management Program (to include copy of each submitted "Justification Certificate for Use of Foreign Flag Vessel" (whether such foreign flag vessel was authorized or not));

> 2. To the extent available in agency records, the following information regarding the General Services Administration Centralized Household Goods Traffic Management Program:

>> a. Total shipments by region under the program;
>> b. Total shipments by year under this program, and
>> c. Identification of all U.S. Government agencies and offices utilizing this program."

In response to item number one, please be advised that after searching our records, GSA does not have records responsive to your request.  GSA did not require any requests for foreign flag waivers from 2013 through 2018.  GSA had 23 employees who

2

relocated to/from foreign or OCONUS locations since the beginning of 2013, all shipments were transported using U. S. Flag Carriers. GSA does not have visibility into the bills of ladings executed by other agencies that use the Centralized Household Goods Traffic Management program pertaining to this request. Other agencies, as defined at 46CFR 381.2, have responsibility to submit plans to manage approvals to Department of Transporttaion's Maritime Administration (MARAD) or to seek MARAD approval to use foreign flag vessels when US flag vessel transport is unavailable or impractical.

In response to item number two, enclosed please find the documents responsive to your request. The Excel file includes by year; total shipments by region through the GSA HTOS program, total shipments and all U.S. Government agencies and offices that used the program.

Please note that GSA is not denying any part of your request. However, GSA does not have any responsive documents to the portions of your request as noted above. You have the right to appeal the adequacy of our search for responsive documents. To do so, you may administratively submit your appeal online via https://foiaonline.regulations.gov/foia/action/publichome or by writing to U.S. General Services Administration at the address shown below. Your appeal must be postmarked or electronically transmitted within 120 days of the date of the response to your request.

U.S. General Services Administration
FOIA Requester Service Center (H1F)
1800 F St. NW, Room 7308
Washington, DC  20405

Your appeal must be in writing and should contain a brief statement of the reasons why the withheld information should be released. Enclose a copy of your initial request and this partial denial. Both the appeal letter and envelope should be marked prominently, "Freedom of Information Act Appeal."

This completes our action on this FOIA request. Should you have any questions, please contact Ms. Julie Blanford at (703) 605-9551 or by email at Julie.blanford@gsa.gov. If you need additional assistance, you may also contact Ms. Audrey Brooks, GSA's FOIA Public Liaison at (202) 205-5912 or via email at audrey.brooks@gsa.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601

3

Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.

Sincerely,

*Travis S. Lewis*

Deputy Director
Office of Accountability and Transparency
Office of Administrative Services

Enclosure



**Maersk Line, Limited**
2510 Walmer Ave, Suite C
Norfolk, VA 23513

Phone: 757-531-7837
Phone: 757-663-9929
Fax:   757-622-2512

maerskinelimited.com

January 29, 2019

U.S. General Services Administration
FOIA Requester Service Center (H1F)
1800 F Street, NW, 7308
Washington, DC 20405-0001

      Re: Request for Records Under the Freedom of Information Act

To Whom It May Concern:

      This is a request for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the implementing regulations of the General Services Administration, Section 105-60.000 of Title 41, Code of Federal Regulations.

      I request the following records in the custody of the General Services Administration (GSA) pertaining to The U.S. General Services Administration, Household Goods Tender of Service (GSA HTOS), to include all editions active from January 25, 2013 until the current date (with the current GSA HTOS published on August 23, 2018 and effective as of November 1, 2018):

1.    All requests for a foreign flag waivers pursuant to the General Services Administration Centralized Household Goods Traffic Management Program (to include a copy of each submitted "Justification Certificate for Use of Foreign Flag Vessel" (whether such foreign flag vessel was authorized or not));


**MAERSK**
LINE, LIMITED

2.   To the extent available in agency records, the following information
regarding the General Services Administration Centralized Household
Goods Traffic Management Program:

   a)  Total shipments by region under this program;
   b)  Total shipments by year under this program, and
   c)  Identification of all U.S. Government agencies and offices utilizing
       this program.

   I request that you produce responsive documents in their entirety.  In the
event that you determine that a document contains material or information that
falls within a statutory exemption to mandatory disclosure, please review such
material or information for possible discretionary disclosure.  Similarly, in the
event that you determine that a document contains material or information that
falls within the statutory exemptions to mandatory disclosure, please produce any
and all reasonably segregable portions of such documents in accordance with the
provisions of 5 U.S.C. § 552(b).

   If you determine that any documents responsive to this request (or any
portion thereof) will be withheld under a claim of authority pursuant to 5 U.S.C. §
552(b), please provide prompt written confirmation of such fact.  In the event
your agency determines that it has no documents responsive to this request (or
any portion thereof), please provide prompt written confirmation of that fact.

   With regard to documents your agency intends to withhold, please provide
prompt notice to that effect, and include in such notice a complete identification
of the withheld documents (or portions thereof) by title, author, date, nature of
such material and a through explanation of the legal and factual basis for the
determination to deny disclosure.  Finally, in responding to this letter, please
adhere to the time limitations set forth at 5 U.S.C. § 552(a)(6)(A).


**MAERSK**
LINE, LIMITED

In order to help you determine my status for the purpose of assessing fees, you should know that I am affiliated with a private business and am seeking information for use in the company's business. I agree to pay the reasonable and direct costs of locating and reproducing the requested documents to the extent required by 5 U.S.C. § 552(a)(4)(A). Please advise me in advance if you expect such costs to exceed $1,000.00.

Should you have any questions concerning this request or require additional information, please contact my assistant Kristen Barton at (757) 852-2206 or kbarton@mllnet.com.

Sincerely,

Patrick McCaffery
General Counsel
Maersk Line, Limited

Exhibit 2



**United States Department of State**

*Washington, D.C.   20520*

AUG 2 2 2019                                                                F-2019-08910

Kristen Barton
Maersk Line, LTD.
2510 Walmer Avenue, Suite C
Norfolk, VA  23513

Dear Ms. Barton:

This letter is to acknowledge receipt of your request dated August 15, 2019, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Department of State, in which you requested from January 25 2013, to November 1, 2018, requests for foreign flag waivers in accordance to the GSA HTOS Program including total shipments by region and year, and the identification of the agency's Records of custodian for this program.

The Office of Information Programs and Services (IPS) received your FOIA request on August 15, 2019. Your FOIA request was assigned the tracking number at the top of this letter. Please include the tracking number in all future communications concerning this FOIA request. We have classified you as a commercial use requester.

The records you seek require the need to search in offices that are separate from the office processing your request. Accordingly, your request falls within "unusual circumstances" as defined in the FOIA.  See 5 U.S.C. § 552(a)(6)(B)(i)-(iii).  Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute.

The time needed to complete our work on your request will necessarily depend on a variety of factors including the number of locations that must be searched, the complexity of the search, the volume and complexity of any material located, and consultations with other U.S. Government agencies whose information is included in the material located.  The time needed will also depend on the number of other requests ahead of it in the relevant processing track.

This Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track.  Your request has been assigned to the complex track and will be handled as quickly as possible.

I regret the necessity of this delay, but assure you that your request will be processed as soon as possible.  If you wish to discuss narrowing of your request or an alternative time frame for the processing of your request, or if you have any questions regarding the status of your request, you may contact our FOIA Requester Service Center or our FOIA Public Liaison via email at FOIAstatus@state.gov or telephone at (202) 261-8484.

Lastly, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration (NARA) to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email address: ogis@nara.gov; telephone: (202) 741-5770; toll free number: 1-877-684-6448; facsimile: (202) 741-5769.

Sincerely,

Eric F. Stein, Director
Office of Information Programs and Services

Exhibit 3



**MAERSK**
**LINE, LIMITED**

**Maersk Line, Limited**
2510 Walmer Avenue, Suite C
Norfolk, VA 23513

Phone: 757 857 4800 Main
Fax: 757 852 3232

maersklinelimited.com

February 7, 2020

[via email: FOIAstatus@state.gov & USPS]
United States Department of State
Office of Information Program and Services
ATTN: Mr. Eric F. Stein, Director
2201 C Street, NW
Washington, DC 20520

Re: 2019-08-22 Department of State Response Letter Tracking Number F-2019-08910

Dear Mr. Stein,

Maersk Line, Limited (MLL) originally submitted a valid and lawful FOIA request, 5 U.S.C. § 552, seeking certain records in the custody, possession or control of the agency pertaining to orders by the agency under the U.S. General Services Administration, Household Goods Tender of Services (GSA HTOS) to include all editions active from January 25, 2013 until the current date. Your letter dated August 22, 2019 invoked the "unusual circumstances" FOIA clause, claiming the Department of State would not be able to respond within the twenty (20) days provided by statute. Id.

We are approaching six (6) months without Department of States providing any of the requested documents. MLL's position is six (6) months is sufficient time for the U.S. Department of State to respond to a lawful and reasonable FOIA request.

MLL's preference is to have a full and complete response. However, MLL is willing to work with the Department of State to establish a reasonable schedule for providing partial responses until all documents requested have been provided. Additionally, MLL is requesting either a full and complete response or an agreed upon reasonable schedule of partial responses no later than March 10, 2020. After this date, MLL is expressly reserving its rights to seek redress and compliance up to and including filing a complaint in a proper district court for the United States. Id.

Very Respectfully Submitted,

Kristen Barton

Kristen Barton

cc: Mr. Patrick McCaffery, Esq. (via email)
Mr. Gary E. English, Esq. (via email)

Exhibit 4

**Barton, Kristen**

| | |
|---|---|
| From: | FOIA Status <FOIAStatus@state.gov> |
| Sent: | Tuesday, February 25, 2020 3:20 PM |
| To: | Barton, Kristen |
| Subject: | RE: 2019-08-22 Department of State Response letter Tracking Number F-2019-08910 |

Ms. Barton,

This is in response to your email below regarding FOIA request number F-2019-08910. We apologize for the delayed response.

Your request is in process and has a November 30, 2022, estimated date of completion (EDC). EDCs are estimates and are subject to change. Please be advised that the Department takes its FOIA responsibilities seriously and is processing this request as quickly as possible. If your request can be completed prior to the EDC, a response will be sent to you sooner.

We truly appreciate your continued patience.

If you have any concerns or questions regarding a FOIA-related matter, please contact the FOIA Requester Service Center at 202-261-8484 or send an e-mail to foiastatus@state.gov.

Regards,


U.S. Department of State
FOIA Requester Service Center


**From:** Barton, Kristen <KBarton@mllnet.com>
**Sent:** Friday, February 07, 2020 12:08 PM
**To:** FOIA Status <FOIAStatus@state.gov>
**Cc:** English, Gary <GEnglish@mllnet.com>; McCaffery, Patrick <PMcCaffery@mllnet.com>
**Subject:** 2019-08-22 Department of State Response letter Tracking Number F-2019-08910



Dear Mr. Stein,

Please find attached correspondence related to Maersk Line, Limited's outstanding FOIA request.


Best regards,

*Kristen Barton*
Risk Management Coordinator
Maersk Line, Limited
510 Walmer Avenue, Suite C
Norfolk, VA 23513

1

**Enclosure 4**

Exhibit 5



**MAERSK**
**LINE, LIMITED**

**Maersk Line, Limited**
2510 Walmer Avenue, Suite C
Norfolk, VA 23513

Phone: 757 857 4800 Main
Fax: 757 852 3232

maersklinelimited.com

March 4, 2020

Appeals Officer
Appeals Review Panel
Office of Information Programs and Services (IPS)
U.S. Department of State
A/GIS/IPS/PP/LA, Room 5420 (HST)
2201 C Street, NW
Washington, D.C.  20520

Re:  Freedom of Information Act Appeal
       2019-08-22 Department of State Response Letter Tracking Number F-2019-08910

Dear Appeals Officer,

We are requesting an administrative appeal in response of the untimely production of documents as detailed below.[1]

On May 15, 2019, Mr. Patrick McCaffery, General Counsel for Maersk Line, Limited, requested documents under the Freedom of Information Act.  On August 22, 2019, I received a letter from Eric F. Stein, Director of information Programs and Services, United States Department of State showing the request was assigned the following identification number, F-2019-08910.   The letter invoked the "unusual circumstances" FOIA clause, claiming the Department of State would not be able to respond within the twenty (20) days provided by statute.   On February 7, 2020, I sent a letter in response to Mr. Stein explaining that we were approaching six months without the Department of State providing any requested documents.  On February 25, 2020, I received an email explaining the request was in process and currently has a November 30, 2022, estimated date of completion (EDC).  I have enclosed copies of all the mentioned correspondence and subsequently appeal the Department of State's FOIA Service Center's proposed EDC as an adverse determination.

If you have any questions or concerns, you may contact me at (757) 852-2206.  Thank you for your consideration of this appeal.

Very Respectfully Submitted,

*Kristen Barton*

Kristen Barton
Risk Management Coordinator

cc:  Mr. Patrick McCaffery, Esq.  (via email)
cc:  Mr. Gary E. English, Esq. (via emai)

---

[1] See 5 U.S.C. € 552 (a)(4)(B) Department of Justice Guide to the Freedom of Information Act, Litigation Considerations (Feb. 14, 2020), U.S. Department of State Freedom of Information Act, Appeal (on-line).

**Barton, Kristen**

| | |
|---|---|
| From: | FOIA Status <FOIAStatus@state.gov> |
| Sent: | Tuesday, February 25, 2020 3:20 PM |
| To: | Barton, Kristen |
| Subject: | RE: 2019-08-22 Department of State Response letter Tracking Number F-2019-08910 |

Ms. Barton,

This is in response to your email below regarding FOIA request number F-2019-08910.  We apologize for the delayed response.

Your request is in process and has a November 30, 2022, estimated date of completion (EDC).  EDCs are estimates and are subject to change.  Please be advised that the Department takes its FOIA responsibilities seriously and is processing this request as quickly as possible.  If your request can be completed prior to the EDC, a response will be sent to you sooner.

We truly appreciate your continued patience.

If you have any concerns or questions regarding a FOIA-related matter, please contact the FOIA Requester Service Center at 202-261-8484 or send an e-mail to foiastatus@state.gov.

Regards,


U.S. Department of State
FOIA Requester Service Center


**From:** Barton, Kristen <KBarton@mllnet.com>
**Sent:** Friday, February 07, 2020 12:08 PM
**To:** FOIA Status <FOIAStatus@state.gov>
**Cc:** English, Gary <GEnglish@mllnet.com>; McCaffery, Patrick <PMcCaffery@mllnet.com>
**Subject:** 2019-08-22 Department of State Response letter Tracking Number F-2019-08910



Dear Mr. Stein,

Please find attached correspondence related to Maersk Line, Limited's outstanding FOIA request.


Best regards,

Kristen Barton
Risk Management Coordinator
Maersk Line, Limited
510 Walmer Avenue, Suite C
Norfolk, VA  23513

**Barton, Kristen**

| | |
|---|---|
| From: | Barton, Kristen |
| Sent: | Friday, February 7, 2020 12:08 PM |
| To: | 'FOIASTATUS@State.gov' |
| Cc: | English, Gary; McCaffery, Patrick |
| Subject: | 2019-08-22 Department of State Response letter Tracking Number F-2019-08910 |
| Attachments: | 2020-02-07 FOIA Letter to Department of State.pdf |

Dear Mr. Stein,

Please find attached correspondence related to Maersk Line, Limited's outstanding FOIA request.


Best regards,

Kristen Barton
Risk Management Coordinator
Maersk Line, Limited
2510 Walmer Avenue, Suite C
Norfolk, VA  23513
(757) 852-2206 Office
(757) 615-4212 Mobile
(757) 963-8816 Fax


**MAERSK**
**LINE, LIMITED**

Maersk Line, Limited
2510 Walmer Avenue, Suite C
Norfolk, VA 23513

Phone: 757 857 4800 Main
Fax: 757 852 3232

maersklinelimited.com

February 7, 2020

[via email: FOIAstatus@state.gov & USPS]
United States Department of State
Office of Information Program and Services
ATTN: Mr. Eric F. Stein, Director
2201 C Street, NW
Washington, DC 20520

Re: 2019-08-22 Department of State Response Letter Tracking Number F-2019-08910

Dear Mr. Stein,

Maersk Line, Limited (MLL) originally submitted a valid and lawful FOIA request, 5 U.S.C. §
552, seeking certain records in the custody, possession or control of the agency pertaining
to orders by the agency under the U.S. General Services Administration, Household Goods
Tender of Services (GSA HTOS) to include all editions active from January 25, 2013 until the
current date. Your letter dated August 22, 2019 invoked the "unusual circumstances" FOIA
clause, claiming the Department of State would not be able to respond within the twenty
(20) days provided by statute. Id.

We are approaching six (6) months without Department of States providing any of the
requested documents. MLL's position is six (6) months is sufficient time for the U.S.
Department of State to respond to a lawful and reasonable FOIA request.

MLL's preference is to have a full and complete response. However, MLL is willing to work
with the Department of State to establish a reasonable schedule for providing partial
responses until all documents requested have been provided. Additionally, MLL is
requesting either a full and complete response or an agreed upon reasonable schedule of
partial responses no later than March 10, 2020. After this date, MLL is expressly reserving
its rights to seek redress and compliance up to and including filing a complaint in a proper
district court for the United States. Id.

Very Respectfully Submitted,

*Kristen Barton*

Kristen Barton

cc: Mr. Patrick McCaffery, Esq. (via email)
Mr. Gary E. English, Esq. (via email)



**United States Department of State**

*Washington, D.C.   20520*

AUG 2 2 2019                                                                    F-2019-08910

Kristen Barton
Maersk Line, LTD.
2510 Walmer Avenue, Suite C
Norfolk, VA  23513

Dear Ms. Barton:

This letter is to acknowledge receipt of your request dated August 15, 2019, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to the Department of State, in which you requested from January 25 2013, to November 1, 2018, requests for foreign flag waivers in accordance to the GSA HTOS Program including total shipments by region and year, and the identification of the agency's Records of custodian for this program.

The Office of Information Programs and Services (IPS) received your FOIA request on August 15, 2019. Your FOIA request was assigned the tracking number at the top of this letter. Please include the tracking number in all future communications concerning this FOIA request. We have classified you as a commercial use requester.

The records you seek require the need to search in offices that are separate from the office processing your request. Accordingly, your request falls within "unusual circumstances" as defined in the FOIA.  See 5 U.S.C. § 552(a)(6)(B)(i)-(iii).  Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute.

The time needed to complete our work on your request will necessarily depend on a variety of factors including the number of locations that must be searched, the complexity of the search, the volume and complexity of any material located, and consultations with other U.S. Government agencies whose information is included in the material located.  The time needed will also depend on the number of other requests ahead of it in the relevant processing track.

This Office assigns incoming requests to one of three tracks:  simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track.  Your request has been assigned to the complex track and will be handled as quickly as possible.

I regret the necessity of this delay, but assure you that your request will be processed as soon as possible.  If you wish to discuss narrowing of your request or an alternative time frame for the processing of your request, or if you have any questions regarding the status of your request, you may contact our FOIA Requester Service Center or our FOIA Public Liaison via email at FOIAstatus@state.gov or telephone at (202) 261-8484.

Lastly, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration (NARA) to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email address: ogis@nara.gov; telephone: (202) 741-5770; toll free number: 1-877-684-6448; facsimile: (202) 741-5769.

Sincerely,

Eric F. Stein, Director
Office of Information Programs and Services



**MAERSK**
**LINE, LIMITED**

Maersk Line, Limited
2510 Walmer Ave, Suite C
Norfolk, VA 23513

Phone: 757-531-7837
Phone: 757-663-9929
Fax:    757-622-2512

maerskllinelimited.com

May 15, 2019

FOIA Officer
Office of General Counsel
Office of Inspector Counsel
U.S. Department of State
1700 North Moore Street
Suite 1400
Arlington, VA  22209

**BY EMAIL AND MAIL**

Re: Request for Records Under the Freedom of Information Act

To Whom It May Concern:

This is a request for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

On January 29, 2019, Maersk Line Limited (MLL) sent a FOIA request to the U.S. General Services Administration (see attached).  In the response, GSA responded [in relevant part]:

*"GSA does not have visibility into the bills of ladings executed by other agencies that use the Centralized Household Goods Traffic Management program pertaining to this request. Other agencies, as defined at 46CFR 381.2, have responsibility to submit plans to manage approvals to Department of Transportation's [sic] Maritime Administration (MARAD) or to seek MARAD approval to use foreign flag vessels when US flag vessel transport is unavailable or impractical."*

Consistent with GSA's response, I request the following records in the custody, possession or control of the agency pertaining to orders by the agency under the U.S. General Services Administration, Household Goods Tender of Service (GSA HTOS), to include all editions active from January 25, 2013 until the current date (with the current GSA HTOS published on August 23, 2018 and effective as of November 1, 2018):

1.      All requests for a foreign flag waivers pursuant to the GSA HTOS Program (to include a copy of each submitted "Justification Certificate for Use of Foreign Flag Vessel" (whether such foreign flag vessel was authorized or not));

2.      To the extent available in agency records, the following information  regarding the orders by the agency under the GSA HTOS Program:

Page 1 of 3̶ 2


**MAERSK**
LINE, LIMITED

    a) Total shipments by region under this program;
    b) Total shipments by year under this program, and
    c) Identification of the agency's Records Custodian(s) (to include title, contact
       information and location) for this program.

     I request that you produce responsive documents in their entirety.  In the event that you determine that a document contains material or information that falls within a statutory exemption to mandatory disclosure, please review such material or information for possible discretionary disclosure.  Similarly, in the event that you determine that a document contains material or information that falls within the statutory exemptions to mandatory disclosure, please produce any and all reasonably segregable portions of such documents in accordance with the provisions of 5 U.S.C. § 552(b).

     If you determine that any documents responsive to this request (or any portion thereof) will be withheld under a claim of authority pursuant to 5 U.S.C. § 552(b), please provide prompt written confirmation of such fact.  In the event your agency determines that it has no documents responsive to this request (or any portion thereof), please provide prompt written confirmation of that fact.

     With regard to documents your agency intends to withhold, please provide prompt notice to that effect, and include in such notice a complete identification of the withheld documents (or portions thereof) by title, author, date, nature of such material and a through explanation of the legal and factual basis for the determination to deny disclosure. Finally, in responding to this letter, please adhere to the time limitations set forth at 5 U.S.C. § 552(a)(6)(A).

     In order to help you determine my status for the purpose of assessing fees, you should know that I am affiliated with a private business and am seeking information for use in the company's business.  I agree to pay the reasonable and direct costs of locating and reproducing the requested documents to the extent required by 5 U.S.C. § 552(a)(4)(A). Please advise me in advance if you expect such costs to exceed $1,000.00.

     Should you have any questions concerning this request or require additional information, please contact my assistant Kristen Barton at (757) 852-2206 or kbarton@mllnet.com.

Sincerely,

Patrick McCaffery
General Counsel
Maersk Line, Limited

Attachments: As stated

Exhibit 6



United States Department of State

*Washington, D.C.   20520*

March 13, 2020

Kristen Barton
Maersk Line, Limited
2510 Walmer Avenue, Suite C
Norfolk, VA  23513

Dear Ms. Barton:

Thank you for your letter of March 4, 2020, concerning Freedom of Information Act ("FOIA") request number F-2019-08910, in which you note that the Department of State has not yet responded to your request.

Your FOIA request is not subject to administrative appeal at this time, since no specific material has been denied in response to the request.  Section (a)(6)(C) of the FOIA provides that a requester shall be deemed to have exhausted his administrative remedies if an agency fails to respond within the applicable time limit specified in the paragraph, which is 20 days (with certain exceptions).  The requester, therefore, would not be required to appeal administratively before instituting suit in federal court.  This provision does not, however, provide a basis for an administrative appeal of a request that is still being processed.  Moreover, the lack of a substantive response to date is not the same as a response indicating that no documents were found.

I have confirmed that your request is being processed.  The Department receives thousands of FOIA and Privacy Act requests each year and yours will be processed in turn.  I have sent a copy of your letter to the office that has been assigned responsibility for processing your request.  If you need further assistance, please contact the FOIA Requester Service Center at (202) 261-8484 or FOIAstatus@state.gov.

Sincerely,

Lori Hartmann
Appeals Officer
Office of Information Programs and Services

Exhibit 7



**Maersk Line, Limited**
2510 Walmer Avenue, Suite C
Norfolk, VA 23513

Phone: 757 857 4800 Main
Fax: 757 852 3232

maerskIinelimited.com

June 16, 2020

[via USPS and email: FOIAStatus@state.gov]
Appeal Officer
Appeals Review Panel
Office of Information Programs and Services (IPS)
U.S. Department of State
ATTN: Ms. Lori Hartmann
A/GIS/IPS/PP/LA, Room 5420 (HST)
2201 C Street, NW
Washington, DC 20520

Re: Freedom of Information Act Appeal
    2019—08-22 Department of State Letter Tracking Number F-2019-08910

Dear Ms. Hartmann,

Thank you for your letter dated March 13, 2020.  For purposes of completeness, I am enclosing Ms. Kristen Barton's, Maersk Line, Limited (MLL) Risk Management Coordinator letter dated March 4, 2020.

MLL submitted a Freedom of Information Act (FOIA), 5 U.S.C. § 552, request approximately thirteen months ago on May 15, 2019.  Approximately ninety-nine days later, on August 22, 2019, U.S. Department of State responded invoking "unusual circumstances" for failing to respond within the statutory requirement.  5 U.S.C. § 552 (a)(6)(B).   Department of State, in an email dated February 25, 2020, stated the MLL FOIA request was in processing and currently has a November 30, 2022 estimated date of completion.  Therefore, Department of State is imposing a thirty months tolling of the statutory response requirement and has failed to comply with the either the technical requirements or the Congressional intent of the statute.  5 U.S.C. § 552 (a)(6)(B) and (C).  In short, Department of State non-response has worked as a de facto denial.

The burden of proof is on the Department of State to establish compliance with FOIA time limitations.  See Marschner v. Department of State, Secretary of State, 470 F. Supp. 196, 199 (D. Conn. 1979).

"There is a provision that allows an agency to extend the applicable time limits by providing written notice to the person making the request, "setting forth the reasons for such extension and the date on which a determination is expected to be dispatched," 5 U.S.C. § 552(a)(6)(B), but such extensions only are permissible in unusual circumstances and for not more than ten working days."  Id. at 198 (internal citation omitted).

"The FOIA was intended by Congress to enable individuals to inform themselves of their government's activities, and the time provisions of the Act are central to its purpose.  When Congress amended the Act in 1974, one of its primary objectives was to "expedite the handling of requests from Federal agencies in order to contribute to the fuller and faster release of information, which is the basic objective of the Act." H. Rep. No. 93-876, 93rd Cong., 2d Sess. (1974), U.S. Code Cong. and Admin. News, p. 6267.  The House committee put it succinctly: "**excessive delay by the agency in its response is often tantamount to denial.**  It is the intent of the bill that the affected agencies be required to respond to



inquiries within specific time limits." H. Rep. No. 93-876, supra at 6271." <u>Hayden v. U. S. Dep't of Justice</u>, 413 F. Supp. 1285, 1288 (D.D.C. 1976) (emphasis added).

"Inadequate staff, insufficient funding or great number of requests are not within meaning of "exceptional circumstances" as that language is used in 5 USCS § 552(a)(6)(C) nor were they within contemplation of its framers as evidenced by legislative history." <u>Hamlin v. Kelley</u>, 433 F. Supp. 180, 182 (N.D. Ill. 1977).

"Exceptional circumstances exception to requirement that agency respond to request within 10 days requires more than showing that agency has limited resources, limited personnel, and seemingly unlimited number of requests since application of due diligence provision to such cases would swallow 10-day response requirement." <u>Caifano v. Wampler</u>, 588 F. Supp. 1392, 1394(N.D. Ill. 1984).

As stated in MLL's letter from Ms. Kristen Barton, dated February 7, 2020, "MLL is willing to work with the Department of State to establish a reasonable schedule for providing partial response until all documents requested have been provided."  If a reasonable responsive schedule cannot be agreed upon by July 17, 2020 then MLL will consider the FOIA request denied and all administrative appeal requirements satisfied.  MLL is expressly reserving its rights to seek redress and compliance up to and including filing a complaint in a proper district court for the United States and to seek reasonable attorney fees for the same.

"In sum, the legislative history of the 1974 amendments leave no doubt that the [Department of State's] request is not even remotely compatible with the Act or the intent of Congress.  The section upon which the [Department of State] relies (5 U.S.C. § 552(a)(6)(C)), is not intended to convert the federal courthouse into a haven of refuge from the time pressures of the Act, where stringent legal requirements are finally subordinated to administrative convenience." <u>Hayden</u>, 413 F.Supp at 1289.

Sincerely,

Gary E. English, Esq.
Maersk Line, Limited
Associate General Counsel –
Maritime Law
2510 Walmer Ave, Suite C
Norfolk, VA 23513
genglish@mllnet.com
(757) 531-7859 (W)
(757) 355-0282 (C)

cc:  Mr. Patrick McCaffery, Esq. (via email)
Ms. Kristen Barton (via email)

Exhibit 8



**MAERSK**
**LINE, LIMITED**

**Maersk Line, Limited**
2510 Walmer Ave, Suite C
Norfolk, VA 23513

Phone: 757-531-7837
Phone: 757-663-9929
Fax:    757-622-2512

maersklinelimited.com

February 18, 2022

FOIA Officer
Office of General Counsel
Office of Inspector Counsel
U.S. Department of State
1700 North Moore Street
Suite 1400
Arlington, VA  22209

Director of the Office of Information Programs and Services (IPS)
Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
2201 C Street N.W., Suite B266
Washington, D.C. 20520-0000

**BY EMAIL AND MAIL**

Re: Request for Records Under the Freedom of Information Act

To Whom It May Concern:

This is a request for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

On May 15, 2019, Maersk Line Limited (MLL) sent a FOIA request to the U.S. State Department, identified as Department of State Response Letter Tracking Number F-2019-08910 **(Attachment 1)**.  The FOIA request primarily concerned two types of related documentation: (1) an "Application for Determination of Non-US Flag Availability (DNA)" and (2) the corresponding answer (either a "Determination of Non-US Flag Availability (DNA)" or an application denial), with respect to foreign flag waivers pursuant to the General Services Administration, Household Goods Tender of Service (GSA HTOS) Program.

Due to MLL's inability to obtain responsive documents within the prescribed timelines established by FOIA, MLL filed suit in the U.S. District Court for the District of Columbia on January 14, 2021 (Civ. A. No. 21-0125 (APM)). Pursuant to a Joint Status Report filed with the court on July 1, 2021, MLL and Defendant agreed to limit the scope of the production in the "initial processing phase" to records created between January 1, 2018 and May 15, 2019. The parties also agreed to a "rolling production timeline" which allowed the Defendant to produce documents on a periodic basis, with the final production in the "initial processing phase" occurring February 2022.

As a result of the delay in obtaining documentation, MLL is now filing a separate FOIA to obtain the above identified documentation, for records created after May 15, 2019. Specifically, MLL requests the following:

Page 1 of 2



*All records created between May 15, 2019 and February 18, 2022 consisting of the following: "Application for Determination of Non-US Flag Availability (DNA)" and the corresponding agency response to such application (whether a "Determination of Non-US Flag Availability (DNA)" or denial) with respect to foreign flag waivers pursuant to the GSA HTOS Program.*

Examples of each of these documents are set out at **Attachment 1-A** (Application for Determination of Non-US Flag Availability (DNA)) and **Attachment 2** (Determination of Non-US Flag Availability (DNA) – 2 pages).

I request that you produce responsive documents in their entirety. In the event that you determine that a document contains material or information that falls within a statutory exemption to mandatory disclosure, please review such material or information for possible discretionary disclosure. Similarly, in the event that you determine that a document contains material or information that falls within the statutory exemptions to mandatory disclosure, please produce any and all reasonably segregable portions of such documents in accordance with the provisions of 5 U.S.C. § 552(b).

If you determine that any documents responsive to this request (or any portion thereof) will be withheld under a claim of authority pursuant to 5 U.S.C. § 552(b), please provide prompt written confirmation of such fact. In the event your agency determines that it has no documents responsive to this request (or any portion thereof), please provide prompt written confirmation of that fact.

In order to help you determine my status for the purpose of assessing fees, you should know that I am affiliated with a private business and am seeking information for use in the company's business. I agree to pay the reasonable and direct costs of locating and reproducing the requested documents to the extent required by 5 U.S.C. § 552(a)(4)(A). Please advise me in advance if you expect such costs to exceed $1,000.00.

Should you have any questions concerning this request or require additional information, please contact my assistant Kristen Barton at (757) 852-2206 or kbarton@mllnet.com.

Sincerely,

Patrick McCaffery
General Counsel
Maersk Line, Limited

Attachments: As stated



**MAERSK**
**LINE, LIMITED**

Maersk Line, Limited
2510 Walmer Ave, Suite C
Norfolk, VA 23513

Phone: 757-531-7837
Phone: 757-663-9929
Fax:   757-622-2512

maerskslinelimited.com

May 15, 2019

FOIA Officer
Office of General Counsel
Office of Inspector Counsel
U.S. Department of State
1700 North Moore Street
Suite 1400
Arlington, VA  22209

**BY EMAIL AND MAIL**

Re: Request for Records Under the Freedom of Information Act

To Whom It May Concern:

This is a request for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

On January 29, 2019, Maersk Line Limited (MLL) sent a FOIA request to the U.S. General Services Administration (see attached).  In the response, GSA responded [in relevant part]:

> "GSA does not have visibility into the bills of ladings executed by other agencies that use the Centralized Household Goods Traffic Management program pertaining to this request. Other agencies, as defined at 46CFR 381.2, have responsibility to submit plans to manage approvals to Department of Transportation's [sic] Maritime Administration (MARAD) or to seek MARAD approval to use foreign flag vessels when US flag vessel transport is unavailable or impractical."

Consistent with GSA's response, I request the following records in the custody, possession or control of the agency pertaining to orders by the agency under the U.S. General Services Administration, Household Goods Tender of Service (GSA HTOS), to include all editions active from January 25, 2013 until the current date (with the current GSA HTOS published on August 23, 2018 and effective as of November 1, 2018):

1. All requests for a foreign flag waivers pursuant to the GSA HTOS Program (to include a copy of each submitted "Justification Certificate for Use of Foreign Flag Vessel" (whether such foreign flag vessel was authorized or not));

2. To the extent available in agency records, the following information  regarding the orders by the agency under the GSA HTOS Program:

Page 1 of 3/2

Att. 1


**MAERSK**
LINE, LIMITED

   a) Total shipments by region under this program;
   b) Total shipments by year under this program, and
   c) Identification of the agency's Records Custodian(s) (to include title, contact information and location) for this program.

   I request that you produce responsive documents in their entirety.  In the event that you determine that a document contains material or information that falls within a statutory exemption to mandatory disclosure, please review such material or information for possible discretionary disclosure.  Similarly, in the event that you determine that a document contains material or information that falls within the statutory exemptions to mandatory disclosure, please produce any and all reasonably segregable portions of such documents in accordance with the provisions of 5 U.S.C. § 552(b).

   If you determine that any documents responsive to this request (or any portion thereof) will be withheld under a claim of authority pursuant to 5 U.S.C. § 552(b), please provide prompt written confirmation of such fact.  In the event your agency determines that it has no documents responsive to this request (or any portion thereof), please provide prompt written confirmation of that fact.

   With regard to documents your agency intends to withhold, please provide prompt notice to that effect, and include in such notice a complete identification of the withheld documents (or portions thereof) by title, author, date, nature of such material and a through explanation of the legal and factual basis for the determination to deny disclosure. Finally, in responding to this letter, please adhere to the time limitations set forth at 5 · U.S.C. § 552(a)(6)(A).

   In order to help you determine my status for the purpose of assessing fees, you should know that I am affiliated with a private business and am seeking information for use in the company's business.  I agree to pay the reasonable and direct costs of locating and reproducing the requested documents to the extent required by 5 U.S.C. § 552(a)(4)(A). Please advise me in advance if you expect such costs to exceed $1,000.00.

   Should you have any questions concerning this request or require additional information, please contact my assistant Kristen Barton at (757) 852-2206 or kbarton@mllnet.com.

Sincerely,

Patrick McCaffery
General Counsel
Maersk Line, Limited

Attachments: As stated

## *Application for Determination of Non-US Flag Availability (DNA)*

| *Shipment Number* | *Customer Name* | *Company* | *Pack Date* |
|---|---|---|---|
| DC18710538 | (b)(6) | AIFD | 2/14/2018 |

| *Departure Airport/Port* | *Airline/Vessel:* | *Arrival Airport/Port* |
|---|---|---|
| MIA | HANSA AUGSBURG/66 S | KIN |

| *Departure Date* | *Arrival Date* | *RDD* |
|---|---|---|
| 2/23/2018 | 2/26/2018 | 3/31/2018 |

*Internal Comments:*

No USF vessel found.  Approve.

Att. 1-A



## *Determination of Non-US Flag Availability (DNA)*

*This determination of non-US flag availability provides a ruling on the use of foreign flag services to transport shipments due to reasons stated below.*

| Shipment Number | Customer Name | Company | Pack Date |
|---|---|---|---|
| DC18710538 | ( b)(6) | AIFD | 2/14/2018 |

| Departure Airport/Port | Airline/Vessel: | Arrival Airport/Port |
|---|---|---|
| MIA | HANSA AUGSBURG/66 S | KIN |

| Departure Date | Arrival Date | RDD | Approved | Denied |
|---|---|---|---|---|
| 2/23/2018 | 2/26/2018 | 3/31/2018 | ☑ | ☐ |

*Comments:*

NO USF AVAIL

*eSignature:* (b)(6)

*DateSigned:* 2/16/2018 2:09:09 PM

Att. 2-Pg1

**Page 393 of 931**

*"A legible copy of the rated on-board ocean bill of lading must be submitted to Maritime Administration (MARAD) within 20 working days of the date of loading for shipments originating in the US or within 30 working days for shipments originating outside the US. A copy of this letter should be attached to the bill of lading for identification purposes. Failure to comply may result in penalties.*

*We wish to call to your attention that, pursuant to Section 408 of the Coast Guard Authorization Act of 1998, Pub.2 L. 105-383 (46 U.S.C. § 2302 (e)) substandard vessels are disqualified from the carriage of preference cargoes. The use of a disqualified vessel will result in the revocation of this Determination of Non-Availability (DNA). A list of vessels and owners who are ineligible to carry government cargoes can be found at: http://www.uscg.mil. Use "impelled cargo" as a key word search.*

*Additionally, the use of a foreign flag vessel under this DNA of US flag service is authorized only to the extent that it is not in violation of US economic and trade sanctions programs administered and enforced by the Office of Foreign Assets Control (OFAC). Parties to this determination of non-availability of US flag service may not engage in any activity with a person or entity appearing on OFAC's List of Specially Designated Nationals and Blocked Persons, which also includes certain foreign flag carriers, a list of which is available at: http://www.treas.gov/offices/enforcement/ofac/sdn/index.shtml.*

*Parties to this determination of non-availability may not undertake any action in violation of 31 C.F.R. Parts 500-598. Information regarding OFAC's sanctions programs may be obtained at: http://www.treas.gov/offices/enforcement/ofac/programs/index.shtml.*

*Compliance questions may be further addressed by contacting the OFAC Hotline at (800) 540-6322. Lastly, the use of a foreign flag vessel under this DNA is authorized only to the extent that the vessel meets all US Government rules, regulations and requirements.*

*Should a suitable US flag service become available, US flag service must be used. Should there be any changes in any of the above information please advise this office immediately as any changes may affect the status of this determination of non-availability.*

*This determination of non-availability is valid for a period not to exceed 30 days from the load date. US flag availability must be reassessed before reapplying."*

*References:*
*The Merchant Marine Act of 1936 (46 U.S.C. 55302 and 46 U.S.C. 55303)*
*The Cargo Preference Act of 1954 (46 USC 55305)*
*Preference for Privately Owned U.S.-Flag Commercial Vessels (FAR 52.247-64)*
*Ocean Transportation by U.S.-Flag Vessels (48 CFR Subpart 47.5)*
*Cargo Preference - U.S.-Flag Vessels (46 CFR Part 381)*
*Overview of Civilian Agencies and Cargo Preference. Maritime Administration website*

*This DNA request was adjudicated based on the guidelines of the Tender of Service/Contract that governs the shipment IAW Maritime Administration (MARAD) United States-Flag (U.S.-Flag) vessel requirements.  Approval does not allow for an increase in filed rates. If you have any questions or require any futher follow up, please contact our office and send all documentation to TTMCONTRACTS@STATE.GOV.*

Att. 2 - P42