UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAERSK LINE LIMITED,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-00125 (APM) |
| **U.S. DEPARTMENT OF STATE,** | ) |
| Defendant. | ) |

### ORDER

In this action under the Freedom of Information Act ("FOIA"), Plaintiff Maersk Line, Limited seeks to supplement its complaint to add a second claim relating to a follow-on FOIA request that it made during the course of this litigation. Pl.'s Mot. to Amend/Suppl. Compl., ECF No. 23 [hereinafter Pl.'s Mot.]. Plaintiff's second FOIA request effectively seeks the same type of records from Defendant as the first request, but for a near three-year time period after the first submission. *See* Pl.'s Mot., Mem. in Supp. of Pl.'s Mot., ECF No. 23-1 [hereinafter Pl.'s Mem.], at 3 & Ex. B, ECF No. 23-3. Defendant U.S. Department of State opposes the motion to supplement. Def.'s Opp'n to Pl.'s Mot., ECF No. 24 [hereinafter Def.'s Opp'n].

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "[S]uch motions are to be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause

undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (internal quotation marks omitted).

Here, the court finds that supplementation will "promote the economic speedy disposition of the entire controversy between the parties." *Id.* This is not a case in which Plaintiff seeks to take an original FOIA action and expand it to include new claims entirely unrelated to the FOIA request itself. *See Szymanski v. Drug Enf't Admin.*, No. 93-cv-1314, 1993 WL 433592, at *1 (D.D.C. Oct. 6, 1993) (declining to allow supplement where the plaintiff sought "to turn a straightforward F.O.I.A. controversy into an amalgam of constitutionally based claims for money damages and what can only be interpreted as a writ of habeas corpus"); *Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 543 (D.D.C. 1991) (refusing to allow supplement where the plaintiff sought to add substantive allegations based on the records received from the FOIA request). Nor is this a case in which the follow-on FOIA requests are unrelated to the original. *See, e.g.*, *Sai v. Transp. Sec. Admin.*, 155 F. Supp. 3d 1, 7–8 (D.D.C. 2016) (declining to allow supplement where the plaintiff sought to add claims concerning 14 additional FOIA requests, which the court could not determine from their "descriptions whether and to what extent these requests seek the same or similar documents sought in the requests raised in the complaint"). The additional claim here relates to the same type of records that are at issue in the first claim, but only for a later period in time. *See* Pl.'s Mem. at 3. Thus, Plaintiff's "proposed amended complaint is [not] so unrelated to the original cause of action as to have no substantive connection to the FOIA claims and would [not otherwise] radically alter the nature and scope of the case." *Miss. Ass'n*, 139 F.R.D. at 544.

Defendant expresses concern that, because its first production is now complete, a supplement of the complaint to include the second FOIA request would effectively restart this case

and delay its conclusion as to the original claim. Def.'s Opp'n at 7–8. These are fair points. But there are also potential efficiencies to be gained from allowing the supplement. With respect to the second request, Defendant presumably will conduct a similar search for records and invoke the same exemptions as the first request. Litigating all of those overlapping issues in the same case will promote efficiency for the parties and the court. There are also obvious benefits to having the same government counsel involved as to the second request, which might not happen if Defendant were forced to file a second case. In any event, even if Plaintiff were required to file a second suit, as Defendant submits, that case likely would be assigned to this court as "related" to this matter. So, as a practical matter, there is little to be gained from compelling Plaintiff to file a new action.

Defendant also says that supplementation should not be permitted until Defendant has exhausted its administrative remedies as to the second FOIA request. *Id.* at 7. However, because Defendant did not produce any records within the time required by FOIA, Plaintiff is by statute "deemed to have exhausted [its] administrative remedies . . . ." 5 U.S.C. § 552(a)(6)(C)(i).

Accordingly, for the foregoing reasons, Plaintiff's Motion to Supplement, ECF No. 23, is granted. The Clerk of Court shall accept and file the Amended Complaint at ECF No. 23-5 as the operative pleading in this matter. The court will set a schedule for further proceedings after Defendant has answered the Amended Complaint.

Dated: July 12, 2022

Amit P. Mehta
United States District Judge